UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Joseph Studer,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Sandusky County Auditor**<br><br>Defendant. | No.<br><br>Judge<br>Magistrate Judge<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Joseph Studer ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Sandusky County Auditor ("Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. § 4111.01, *et seq.*; Ohio Prompt Pay Act, O.R.C. § 4113.15, and Fed. R. Civ. P. 23 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former Emergency Medical Service ("EMS") employees of Defendant in Ohio. Plaintiff brings this action on behalf of himself and similarly-situated current and former non-exempt hourly employees who worked for Defendants in Ohio.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Defendant failed to pay Plaintiff,

1

the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Defendant's violations of federal and Ohio law as detailed further below.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within this District.

6.     At all relevant times, Plaintiff has been a resident of Sandusky County, Ohio and performed work for Defendant in Sandusky County, Ohio.

7.     Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

8.     Plaintiff, the Collective Members and the Class Members in their work for Defendant were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

9.     At all times material to the matters alleged in this Complaint, Plaintiff was an EMS employee at Defendant.

10.     At all relevant times, Plaintiff was paid on an hourly basis of approximately $18.00 per hour.

11.     The Class and Collective Members are all current and former non-exempt hourly EMS employees who worked for Defendant in Ohio at any point in the three years preceding the filing of the original Complaint.

12.     The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

13.     Under the OMFWSA and FLSA, Defendant is an employer.  At all relevant times, Defendant had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest of Defendant in relation to the company's employees, Defendant is subject to liability under the OMFWSA and FLSA.

14.     At all material times, Plaintiff and the Class and Collective Members were employees of Defendant as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

15.     Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached as "**Exhibit A**" and is attached again hereto.

## FACTUAL ALLEGATIONS

36.     Defendant provides EMS services within in Sandusky County, Ohio.

37.     Plaintiff was employed by Defendant as a non-exempt hourly EMS employee from approximately December 2, 2024, through approximately March 14, 2026.

38.     The Class and Collective Members are all current and former non-exempt EMS employees who worked for Defendant at any point in the three years preceding the filing of this

3

Complaint. The Collective Members are non-exempt from the FLSA's and OMFWSA's overtime requirements.

39.     At all relevant times, Plaintiff was compensated at an hourly rate of approximately $18.00 per hour.

40.     In his work for Defendant, Plaintiff routinely worked in excess of forty hours in a given workweek.

41.     During each and every workweek, the Class and Collective Members were similarly paid on an hourly basis.

42.     In their work for Defendant, the Class and Collective Members similarly worked in excess of forty hours in a given workweek.

43.     At all relevant times, Defendants failed to pay Plaintiff, the Collective Members and the Class Members for all hours worked.

44.     At all relevant times, Defendant failed to pay Plaintiff, the Collective Members and the Class Members all compensation due and owing in a timely manner.

45.     At all relevant times, Defendants failed to accurately record the hours worked by Plaintiff, the Collective Members and the Class Members.

46.     At all relevant times, Defendants deliberately avoided paying overtime that was due to the Plaintiff, the Collective Members and the Class Members.

47.     For example, every time that Plaintiff, the Collective Members and the Class Members traded shifts, Defendant refused to count any traded time toward the 40-hour overtime threshold.

48.     As a result, Defendant systematically failed to pay overtime on all traded shifts that brought the receiving employee over the forty (40) hour per week threshold.

4

49. Moreover, Defendant failed to pay Plaintiff for three 24-hour shifts during the last week of his employment.

50. Defendant failed to accurately record the actual amount of time that Plaintiff, the Collective Members and the Class Members spent working.

51. Defendant's illegal practices were exacerbated by Defendant's practice of rounding the amount of time that it recorded for Plaintiff, the Collective Members and the Class Members

52. Substantial discrepancies exist in Defendant's records between the amount of time that Plaintiff, the Collective Members and the Class Members actually worked for Defendant and the amount of time for whifh they were paid.

53. In light of Defendants' conduct, Plaintiff and Class and Collective Members are owed significant unpaid wages and penalties.

54. Defendants' method of paying Plaintiff and Class and Collective Members in violation of federal and Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendants knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

56. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly EMS employees employed in Ohio by Defendant.

57. Defendant subjected all of their non-exempt hourly EMS employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked in violation of 29 U.S.C. § and 207.

58. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

59. The Collective Members perform or have performed the same or similar work as Plaintiff.

60. Defendant's failure to pay and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

61. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all of the Collective Members.

62. As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of Defendants' current and former non-exempt hourly EMS employees who worked in Ohio at any time from three years preceding the filing of the Complaint to the present.**

63. Defendant's unlawful conduct, as described herein, is pursuant to Defendant's common policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

6

64. Defendant is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all owed overtime as detailed herein.

65. Defendant's unlawful conduct has been widespread, repeated, and consistent.

66. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

67. Upon information and belief, the individuals similarly situated to Plaintiff includes over one hundred non-exempt hourly employees currently and/or formerly employed by Defendant. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendant's possession, custody, or control, but it can be readily ascertained from their employment records.

68. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendant, via email at the last known email address known to Defendant and by text message to the last known telephone number known to Defendant.

### OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following class comprised of:

> **All of Defendant's current and former non-exempt hourly EMS employees who worked in Ohio at any time from three years preceding the filing of the Complaint to the present.**
>
> **Numerosity (Rule 23(a)(1)).**

71.     The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Defendants employed greater than one hundred people who satisfy the definition of the Class Members.

### a.  Existence of Common Questions of Law and Fact (Rule 23(a)(2)).

72.     Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

a.  Whether Defendant unlawfully failed to pay the Class Members all overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

b.  Whether Defendant unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

c.  The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

### b.  Typicality (Rule 23(a)(3)).

73.     Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Defendatnt's illegal practice of depriving their employees of overtime compensation.

### c.  Adequacy (Rule 23(a)(4)).

74.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d.  Injunctive and Declaratory Relief (Rule 23(b)(2)).

8

75.     Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

76.     Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

77.     Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

### COUNT ONE: FAIR LABOR STANDARDS ACT
**(on behalf of Plaintiff and the Collective Members)**

78.      Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

79.     The FLSA requires and employer to keep records that include certain identifying information about the employee and data about the hours worked and the wages earned. The law requires this information to be accurate. The following is a listing of the basic records that an

employer must maintain: (1) employee's full name and social security number; (2) address, including zip code; (3) birth date, if younger than 19; (4) sex and occupation; (5) time and day of week when employee's workweek begins; (6) hours worked each day; (7) total hours worked each workweek; (8) basis on which employee's wages are paid (e.g., "$9 per hour", "$440 a week", "piecework"); (9) regular hourly pay rate; (10) total daily or weekly straight-time earnings; (11) total overtime earnings for the workweek; (12) all additions to or deductions from the employee's wages; (13) total wages paid each pay period; and (14) date of payment and the pay period covered by the payment. FLSA Factsheet #21.

80. "While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities . . . ." *See e.g., United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 491 (2d Cir. 1960).

81. The Supreme Court explained that the Act's liquidated damages provision: constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 89 L. Ed. 1296, 65 S. Ct. 895 (1945) (footnote omitted).

82. For purposes of computing pay due under the Fair Labor Standards Act, a single workweek may be established for a plant or other establishment as a whole or different workweeks may be established for different employees or groups of employees. Once the beginning time of an employee's workweek is established, it remains fixed regardless of the schedule of hours worked by him. The beginning of the workweek may be changed if the change is intended to be

permanent and is not designed to evade the overtime requirements of the Act. *See* 29 C.F.R. 778.105.

83.     The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made. *See* 29 C.F.R. § 778.106.

84.     Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

85.     In their work for Defendant, Plaintiff and the Collective Members routinely worked in excess of forty hours in a given workweek.

86.     During each and every workweek, Plaintiff and the Collective Members were paid on an hourly basis.

87.     At all relevant times, Defendant failed to pay Plaintiff and the Collective Members for all hours worked.

88.     At all relevant times, Defendant failed to pay Plaintiff and the Collective Members all compensation due and owing in a timely manner.

89.     At all relevant times, Defendant failed to accurately record the hours worked by Plaintiff and the Collective Members.

90.     At all relevant times, Defendants deliberately avoided paying overtime that was due and owing to Plaintiff and the Collective Members.

91.     For example, every time that Plaintiff, the Collective Members and the Class Members traded shifts, Defendant refused to count any traded time toward the 40-hour overtime threshold.

92.     As a result, Defendant systematically failed to pay overtime on all traded shifts that brought the receiving employee over the forty (40) hour per week threshold.

93.     Moreover, Defendant failed to pay Plaintiff for three 24-hour shifts during the last week of his employment.

94.     Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

95.     Defendant knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Defendants were aware of the FLSA's minimum wage and overtime requirements. As such, Defendant's conduct constitutes a willful violation of the FLSA.

96.     As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Defendants' failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty

(40) hours in any given workweek, Defendant violated 29 U.S.C. § 207. Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT
### (on behalf of Plaintiff and the Class Members who elect to opt-in)

97.  Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

98.  The "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

99.  In their work for Defendant, Plaintiff and the Class Members routinely worked in excess of forty hours in a given workweek.

100.  During each and every workweek, Plaintiff and the Class Members were paid on an hourly basis.

101.  At all relevant times, Defendant failed to pay Plaintiff and the Class Members for all hours worked.

102.  At all relevant times, Defendant failed to pay Plaintiff and the Class Members all compensation due and owing in a timely manner.

103.  At all relevant times, Defendant failed to accurate record the hours worked by Plaintiff and the Class Members.

104. At all relevant times, Defendant deliberately avoided paying overtime that was due and owing to Plaintiff and the Class Members.

105. For example, every time that Plaintiff, the Collective Members and the Class Members traded shifts, Defendant refused to count any traded time toward the 40-hour overtime threshold.

106. As a result, Defendant systematically failed to pay overtime on all traded shifts that brought the receiving employee over the forty (40) hour per week threshold.

107. Moreover, Defendant failed to pay Plaintiff for three 24-hour shifts during the last week of his employment.

108. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

109. As a result of Defendant's failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

<u>**COUNT THREE: OHIO PROMPT PAY ACT**</u>
**(on behalf of Plaintiff and the Class Members who decline to opt-out)**

110. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

111. During all relevant times, Defendant was covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

112. O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

113. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

114. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Defendant has also violated the Ohio Prompt Pay Act.

115. Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

116. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

117. As a result of Defendant's willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**WHEREFORE**, Plaintiff, Joseph Studer, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendant:

15

A.     For the Court to declare and find Defendant committed one or more of the following acts:

     i.     violated the overtime provisions of the FLSA;

     ii.     willfully violated the overtime provisions of the FLSA;

     iii.     violated the overtime provisions of the OMFWSA;

     iv.     willfully violated the overtime provisions of the OMFWSA; and

     v.     willfully violated the Ohio Prompt Pay Act.

B.     For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.     For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members;

F.     For the Court to award Plaintiff's and the Class and Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.     For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Class and Collective Members and for the risks she took in doing so; and

H.     Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  August 6, 2026

Respectfully submitted,

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

17